UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- X
EDWIN ZAYAS, Individually and on Behalf of All Others          Civil Action No.:
Similarly Situated,                                            19-cv-10349

                              Plaintiffs,

              - against -                                      **ANSWER**

144-146 WEST 19TH STREET ASSOCIATES, LLC
and GO GO THAI INC.,

                              Defendants.
------------------------------------------------------------------------------- X

       Defendant, 144-146 WEST 19TH STREET ASSOCIATES, LLC, by its attorneys WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for its Answer to plaintiffs' Complaint, respectfully shows to this Honorable Court and allege, upon information and belief:

## AS AND FOR AN ANSWER TO NATURE OF THE CASE

    1.     Denies each and every allegation contained in paragraph numbered "1".

    2.     Denies each and every allegation contained in paragraph numbered "2" and refers questions of law to be determined by the Court.

    3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph numbered "3".

## AS AND FOR AN ANSWER TO VENUE AND JURISDICTION

    4.     Admits upon information and belief each and every allegation contained in paragraph numbered "4".

    5.     Admits upon information and belief each and every allegation contained in paragraph numbered "5".

6.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph numbered "6".

7.      Admits upon information and belief each and every allegation contained in paragraph numbered "7".

## AS AND FOR AN ANSWER TO PARTIES

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph numbered "8".

9.      Admits upon information and belief each and every allegation contained in paragraph numbered "9".

10.     Denies each and every allegation contained in paragraph numbered "10".

11.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph numbered "11".

## AS AND FOR AN ANSWER TO CLASS ACTION

12.     Denies each and every allegation contained in paragraph numbered "12".

13.     Denies each and every allegation contained in paragraph numbered "13".

14.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph numbered "14".

## AS AND FOR AN ANSWER TO STATUTORY SCHEME

15.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph numbered "15".

16.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph numbered "16" and refers questions of law to be determined by the Court.

10507110v.1

17.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "17" and refers questions of law to be determined by the Court.

18.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "18" and refers questions of law to be determined by the Court.

19.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "19" and refers questions of law to be determined by the Court.

20.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "20" and refers questions of law to be determined by the Court.

21.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "21" and refers questions of law to be determined by the Court.

22.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "22" and refers questions of law to be determined by the Court.

23.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "23" and refers questions of law to be determined by the Court.

10507110v.1

24.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "24" and refers questions of law to be determined by the Court.

25.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "25" and refers questions of law to be determined by the Court.

26.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "26" and refers questions of law to be determined by the Court.

27.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "27" and refers questions of law to be determined by the Court.

28.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "28" and refers questions of law to be determined by the Court.

## AS AND FOR AN ANSWER TO FACTUAL BACKGROUND

29.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph numbered "29".

30.     Denies each and every allegation contained in paragraph numbered "30".

31.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph numbered "31".

32.     Denies each and every allegation contained in paragraph numbered "32".

33.     Denies each and every allegation contained in paragraph numbered "33".

4

34.   Denies each and every allegation contained in paragraph numbered "34".

35.   Denies each and every allegation contained in paragraph numbered "35".

36.   Denies each and every allegation contained in paragraph numbered "36".

37.   Denies each and every allegation contained in paragraph numbered "37".

38.   Denies each and every allegation contained in paragraph numbered "38".

39.   Denies each and every allegation contained in paragraph numbered "39".

40.   Denies each and every allegation contained in paragraph numbered "40".

41.   Denies each and every allegation contained in paragraph numbered "41".

42.   Denies each and every allegation contained in paragraph numbered "42".

**<u>AS AND FOR AN ANSWER TO FIRST CAUSE OF ACTION</u>**
**(Violations of the Americans with Disabilities Act)**
(Injunctive Relief)

43.   Denies each and every allegation contained in paragraph numbered "43".

44.   Denies each and every allegation contained in paragraph numbered "44".

45.   Denies each and every allegation contained in paragraph numbered "45".

46.   Denies each and every allegation contained in paragraph numbered "46".

47.   Denies each and every allegation contained in paragraph numbered "47".

48.   Denies each and every allegation contained in paragraph numbered "48".

49.   Denies each and every allegation contained in paragraph numbered "49".

50.   Denies each and every allegation contained in paragraph numbered "50".

51.   Denies each and every allegation contained in paragraph numbered "51".

52.   Denies each and every allegation contained in paragraph numbered "52".

53.   Denies each and every allegation contained in paragraph numbered "53".

54.   Denies each and every allegation contained in paragraph numbered "54".

55.     Denies each and every allegation contained in paragraph numbered "55".

56.     Denies each and every allegation contained in paragraph numbered "56".

57.     Denies each and every allegation contained in paragraph numbered "57".

58.     Denies each and every allegation contained in paragraph numbered "58".

59.     Denies each and every allegation contained in paragraph numbered "59".

60.     Denies each and every allegation contained in paragraph numbered "60".

61.     Denies each and every allegation contained in paragraph numbered "61".

62.     Denies each and every allegation contained in paragraph numbered "62".

63.     Denies each and every allegation contained in paragraph numbered "63".

64.     Denies each and every allegation contained in paragraph numbered "64".

## AS AND FOR AN ANSWER TO SECOND CAUSE OF ACTION
### (Violations of New York State Human Rights Law)
(Injunctive Relief and Damages on Behalf of Plaintiffs)

65.     Repeat, reiterate and reallege each and every response as previously set forth to paragraphs numbered "1" through "64" with the same force and effect as if fully set forth at length.

66.     Denies each and every allegation contained in paragraph numbered "66".

67.     Denies each and every allegation contained in paragraph numbered "67".

68.     Denies each and every allegation contained in paragraph numbered "68".

69.     Denies each and every allegation contained in paragraph numbered "69".

70.     Denies each and every allegation contained in paragraph numbered "70".

71.     Denies each and every allegation contained in paragraph numbered "71" and refers questions of law to be determined by the Court.

6

72.     Denies each and every allegation contained in paragraph numbered "72" and refers questions of law to be determined by the Court.

73.     Denies each and every allegation contained in paragraph numbered "73".

### AS AND FOR AN ANSWER TO THIRD CAUSE OF ACTION
**(Violations of New York State Civil Rights Law)**
(Statutory Damages on Behalf of Plaintiffs)

74.     Repeat, reiterate and reallege each and every response as previously set forth to paragraphs numbered "1" through "73" with the same force and effect as if fully set forth at length.

75.     Denies each and every allegation contained in paragraph numbered "75".

76.     Denies each and every allegation contained in paragraph numbered "76" and refers questions of law to be determined by the Court.

77.     Denies each and every allegation contained in paragraph numbered "77".

78.     Denies each and every allegation contained in paragraph numbered "78" and refers questions of law to be determined by the Court.

### AS AND FOR AN ANSWER TO FOURTH CAUSE OF ACTION
**(Disability Discrimination in Violations of NYC Human Rights Law § 8-107(4))**
(Injunctive Relief and Damages on Behalf of Plaintiffs)

79.     Repeat, reiterate and reallege each and every response as previously set forth to paragraphs numbered "1" through "78" with the same force and effect as if fully set forth at length.

80.     Denies each and every allegation contained in paragraph numbered "80" and refers questions of law to be determined by the Court.

81.     Denies each and every allegation contained in paragraph numbered "81" and refers questions of law to be determined by the Court.

10507110v.1

82.     Denies each and every allegation contained in paragraph numbered "82" and refers questions of law to be determined by the Court.

83.     Denies each and every allegation contained in paragraph numbered "83" and refers questions of law to be determined by the Court.

84.     Denies each and every allegation contained in paragraph numbered "84".

85.     Denies each and every allegation contained in paragraph numbered "85" and refers questions of law to be determined by the Court.

86.     Denies each and every allegation contained in paragraph numbered "86".

## AS AND FOR AN ANSWER TO FIFTH CAUSE OF ACTION
**(Failure to Reasonably Accommodate in violation of NYC Human Rights Law § 8-107(15))**
(Injunctive Relief and Damages on Behalf of Plaintiffs)

87.     Repeat, reiterate and reallege each and every response as previously set forth to paragraphs numbered "1" through "86" with the same force and effect as if fully set forth at length.

88.     Denies each and every allegation contained in paragraph numbered "88".

89.     Denies each and every allegation contained in paragraph numbered "89" and refers questions of law to be determined by the Court.

90.     Denies each and every allegation contained in paragraph numbered "90" and refers questions of law to be determined by the Court.

91.     Denies each and every allegation contained in paragraph numbered "91".

92.     Denies each and every allegation contained in paragraph numbered "92".

93.     Denies each and every allegation contained in paragraph numbered "93".

94.     Denies each and every allegation contained in paragraph numbered "94".

95.     Denies each and every allegation contained in paragraph numbered "95".

## AS AND FOR AN ANSWER TO SIXTH CAUSE OF ACTION
### (Declaratory Relief)

96.     Repeat, reiterate and reallege each and every response as previously set forth to paragraphs numbered "1" through "95" with the same force and effect as if fully set forth at length.

97.     Denies each and every allegation contained in paragraph numbered "97".

### AFFIRMATIVE DEFENSES

Sets forth the following affirmative defenses to the claims made in the Complaint. In doing so, defendant does not assume the burden of proof with respect to any of the affirmative defenses where the substantive law provides otherwise.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the doctrine of estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the doctrine of unclean hands.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the doctrine of laches.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the doctrine of unjust enrichment.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendant has fully fulfilled any and all obligations it may have had to the plaintiff, and

10507110v.1

owes no further obligations to plaintiff, and therefore, plaintiff is barred from maintaining this action against defendant.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Any alleged failure to make reasonable modifications in defendant's policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, was because the making of such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Any alleged failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, was because taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Any alleged failure to remove architectural barriers, and communication barriers that are structural in nature was because such removal was not readily achievable or would not be performed due to the building's status as a landmark.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Any alleged failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods was because such methods were not readily achievable.

10

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The Complaint fails to name the proper facility.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint lacks specificity.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the doctrine of waiver.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims set forth in the Complaint and, to extent she has standing to bring her Complaint, Plaintiff lacks standing to challenge any alleged barriers not specifically identified and set forth in her Complaint and any alleged barriers for which she has failed to explain how they impaired her ability to access the premises or impaired her alleged enjoyment of the same.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this action.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or notice requirements.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has failed to meet all necessary conditions precedent prior to seeking declaratory and injunctive relief pursuant to the alleged statute(s), rule(s), and/or act(s).

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the doctrine of waiver.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff is a vexatious litigant.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by reason of Plaintiff's failure to provide Defendant with prior notice of the alleged violations and to provide an opportunity to cure said violations.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred in whole or in part, because plaintiff was not a bona fide patron of defendant and, if she visited the premises, she visited solely for purposes of initiating the instant litigation.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Upon information and belief, any injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom answering Defendant neither has nor had exercised control.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, whatever damages the injured plaintiff may have sustained at the time and place mentioned in the Verified Complaint were caused in whole or in part by the culpable conduct of the said plaintiff.  The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to plaintiff, bears to the culpable conduct which caused said injuries.

10507110v.1

#### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, that all risks and danger of loss or danger connected with the situation alleged in the Verified Complaint were at the time and place mentioned obvious and apparent and were known by the plaintiffs and voluntarily assumed by them.

#### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

In the event plaintiffs recover a verdict or judgment against the Defendant, then said verdict or judgment must be reduced by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation, or employee benefit programs.

#### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The injured plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Complaint.

#### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any injury-causing defects alleged by plaintiffs herein were trivial and therefore could not provide defendant of notice of the alleged dangerous condition.

#### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were not caused by any act or omission of Defendant.

#### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

Defendant reserves its right to assert in mitigation of damages, the culpable conduct attributable to the Plaintiffs, if any be shown.

#### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

The alleged injuries suffered by plaintiff were not proximately caused by the alleged

10507110v.1

accident in question or any actions of Defendant.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant had no actual or constructive notice of any alleged dangerous condition.

### AS AND FOR THE FIRST CROSS-CLAIM AGAINST
### CO-DEFENDANT GO GO THAI INC.

Upon information and belief that if and in the event plaintiff sustained the injuries and damages complained of, such injuries and damages were cause in whole or in part by reason of the wrongful conduct of co-defendant, GO GO THAI INC., there being no active or primary wrong-doing on the part of the answering defendant contributing thereto.

By reason of the foregoing, this answering defendant is entitled to full common law and contractual indemnity and/or contribution from, and to judgment over and against defendant, GO GO THAI INC. for all or part of any verdict or judgment which plaintiff may recover against this answering defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant's by and through their attorneys WILSON, ELSER,

MOSKOWITZ, EDELMAN & DICKER LLP, respectfully demand judgment dismissing

Plaintiff's complaint together with the costs and disbursements herein.

Dated:   New York, New York
         February 20, 2020

                              Yours, etc.

                              WILSON, ELSER, MOSKOWITZ, EDELMAN &
                              DICKER LLP

                              By:_____
                                   John P. Kelly, Esq.
                                   Attorneys for Defendant,
                                   144-146 WEST 19TH STREET
                                   ASSOCIATES, LLC
                                   150 East 42nd Street
                                   New York, New York 10017
                                   (212) 490-3000
                                   File No.: 22545.00001

TO:

James E. Bahamonde, Esq.
LAW OFFICES OF JAMES E. BAHAMONDE, P.C.
Attorney for Plaintiffs
2501 Jody Court
North Bellmore, NY 11710
(516) 783-9662

John Vincent Baranello, Esq.
MOSES & SINGER LLP
Attorney for Defendant
Go Go Thai Inc.
405 Lexington Avenue
New York, NY 10174
(212) 554-7862

15

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK        )
                               ) ss.:

COUNTY OF NEW YORK  )

JOHN P. KELLY, an attorney duly admitted to practice in the Courts of the State of New York, states:

That I am a member of the firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, representing the defendant, 144-146 WEST 19TH STREET ASSOCIATES, LLC.

That pursuant to the CPLR, I have read the attached Answer and the same is true to my own belief, and as to those matters, I believe them to be true to the best of my knowledge. The reason this verification is made by me and not by answering defendant is because said defendant is not currently located within the county where I maintain my office.

That deponent's sources of information are a claims file containing statements, reports and records of investigation, investigators, parties and witnesses, with which deponent is fully familiar.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:  New York, New York
          February 20, 2020

_____
JOHN P. KELLY

16

10507110v.1